J-S42010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL ALAN WAINWRIGHT | : | |
| | : | |
| Appellant | : | No. 367 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 10, 2025
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000133-2024

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:              **FILED MARCH 05, 2026**

Appellant, Carl Alan Wainwright, appeals from the February 10, 2025 judgment of sentence entered in the Court of Common Pleas of Tioga County after Appellant pleaded guilty to one count of driving under influence of alcohol or controlled substance ("DUI") – highest rate of alcohol, his second offense.[1] The trial court sentenced Appellant to 18 to 60 months' incarceration.[2]  We affirm.

---

[1] 75 Pa.C.S.A. § 3802(c).

[2] The trial court imposed a fine in the amount of $1,500.00 and ordered Appellant to pay the costs of prosecution.  The trial court also suspended Appellant's driver's license and operating privileges for 18 months.  Appellant was ordered to undergo deoxyribonucleic acid ("DNA") testing, to attend and successfully complete the Pennsylvania Alcohol and Highway Safe Driving School, and was subject to an ignition interlock system for a period of one year.  Order of Sentence, 2/11/25.

The record demonstrates that, on January 11, 2024, Appellant was operating his motor vehicle with a blood alcohol content ("BAC") of 0.242%. On February 15, 2024, Appellant was charged with DUI – general impairment (Count 1), DUI – highest rate of alcohol (Count 2), driving while operating privilege is suspended or revoked – BAC greater than 0.02% (Count 3), driving while operating privilege is suspended or revoked (Count 4), drivers required to be licensed (Count 5), and careless driving (Count 6).[3] Initially, Appellant was charged at Counts 1 and 2 as a first time offender. On May 24, 2024, the Commonwealth revised Counts 1 and 2 to reflect the charges as Appellant's second DUI offenses.

On October 28, 2024, Appellant pleaded guilty to Count 2. This was Appellant's second DUI offense within a ten year period. In exchange for Appellant agreeing to plead guilty to Count 2, the Commonwealth agreed to *nolle prosse* Appellant's remaining criminal charges. On February 10, 2025, the trial court sentenced Appellant, as detailed *supra*, to a term of 18 to 60 months' incarceration.

On February 18, 2025, Appellant filed a post-sentence motion that sought reconsideration of his sentence on the ground that his sentence exceeded the aggravated range under the sentencing guidelines for his

---

[3] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 1543(b)(1.1)(i), 1543(b)(1)(i), 1501(a), and 3714(a), respectively.

criminal conviction. The trial court denied Appellant's post-sentence motion on February 20, 2025.[4] This appeal followed.[5]

Appellant raises the following issue for our review: "Whether the [trial] court abused its discretion in sentencing Appellant to a period of [18 to 60] months, a period of incarceration well above the sentencing guidelines?" Appellant's Brief at 7 (extraneous capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence on the ground the trial court imposed a sentence that fell outside the sentencing guidelines.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
> > (1) whether the appeal is timely; (2) whether [the] appellant preserved his[ or her] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his [or her] issues at sentencing or in a

---

[4] Appellant's judgment of sentence was made final upon denial of his post-sentence motion.

[5] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

***Commonwealth v. Pisarchuk***, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); ***see also Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." ***Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." ***Feucht***, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable

argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the [trial] court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted) (stating, "[p]ermitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained"), *appeal denied*, 990 A.2d 726 (Pa. 2010); *see also Morrison*, 173 A.3d at 290. "Where a defendant pleads guilty without any agreement as to sentence, [however,] the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing." *Brown*, 982 A.2d at 1019, *relying on Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995).

Here, pursuant to the plea agreement accepted by the trial court on October 28, 2024, Appellant agreed to plead guilty to the aforementioned criminal conviction without an agreement as to the sentence he would receive for his conviction. Therefore Appellant retained the right to petition this Court for allowance of appeal with respect to the discretionary aspects of his sentence. *Brown*, 982 A.2d at 1019.

In seeking his appeal, Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in a timely post-sentence motion. In his Rule 2119(f) statement, Appellant contends that his "sentence was outside the aggravated range [for] sentencing and was unreasonable considering the facts of the case." Appellant's Brief at 10. Appellant's claim that his sentence was unreasonable "considering the facts of the case" merely raises a bald assertion of unreasonableness without defining the specific "facts of the case" that make his sentence unreasonable. *See Commonwealth v. Morris*, 319 A.3d 37, 2024 WL 1636602 (Pa. Super. filed Apr. 16, 2024) (unpublished memorandum), *appeal denied*, 333 A.3d 306 (Pa. 2025). In his Rule 1925(b) concise statement, however, Appellant states that his sentence was "manifestly excessive" because it was seven months longer than the upper limit of the aggravated sentencing range and upon consideration of the standard sentencing range for Appellant's conviction, which was five to eight months. Appellant's Rule 1925(b) Concise Statement, 4/7/25. "While a bald claim of excessiveness does not present a substantial question for review, a

claim that the sentence is manifestly excessive, inflicting too severe a punishment does present a substantial question." ***Commonwealth v. Haynes***, 125 A.3d 800, 807-808 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016). Because Appellant's issue, as presented in his Rule 1925(b) concise statement, arguably presents a claim that his sentence was manifestly excessive and too severe a punishment, we find Appellant presented a substantial question. Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Although a trial court must "consider" the sentencing guidelines in fashioning its sentence, sentencing is individualized and the range of sentence offered by the sentencing guidelines is "purely advisory in nature." *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007); *see also Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). A trial court is required, however, to "provide a written statement setting forth the reasons for the deviation" when the trial court imposes a sentence that is outside of the ranges offered by the sentencing guidelines. *Walls*, 926 A.2d at 963.

Pertinent to the case *sub judice*, we "shall vacate the sentence and remand the case to the [trial] court with instructions if [we find that the trial] court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3); *see also Walls*, 926 A.2d at 963 (stating, "under the Sentencing Code[,] an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the [trial] court imposed a sentence that is "unreasonable["]). In assessing the reasonableness of a sentence that falls outside the sentencing guidelines, we shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the [trial] court to observe the defendant, including any presentence investigation [report].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

- 8 -

The term "unreasonable" is not defined by the Sentencing Code. **Walls**, 926 A.2d at 963; **see also** 42 Pa.C.S.A. § 9702. Our Supreme Court has held, however, that "the General Assembly [] intended the concept of unreasonableness to be a fluid one, as exemplified by the four factors set forth in Section 9781(d) to be considered in making this determination[, and] to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Walls**, 926 A.2d at 963. As such, the **Walls** Court declined "to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781(c)(3)." **Id.** at 964. The **Walls** Court instructed, however, that "while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, [] a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the [trial] court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." **Id.**, *citing* 42 Pa.C.S.A. § 9721(b).

Appellant asserts that, "based upon the specific facts of his crime" – namely that his DUI did not result in an accident – his sentence was unreasonable. Appellant's Brief at 14. Appellant further argues that, prior to the trial court fashioning its sentence, Appellant explained to the trial court "how he is on medically assisted treatment now and that he had enough of the negative things alcohol was doing to him." **Id.** Appellant reiterated that

"[n]o one was hurt in the commission of this crime" and, therefore, his sentence was unreasonable.  ***Id.***

In fashioning its sentence, the trial court stated,

I'm gonna impose a sentence here today that reflects really the very serious nature of what's transpired here.  I want to believe that you are a person who has changed and has seen the light, but candidly speaking, your – your prior record indicates that this is a pattern that is likely to repeat.  I'm gonna impose a sentence here today.  When recognizing the terms of the plea agreement and the Commonwealth's agreement that there would be electronic monitoring, I do not believe you are a good candidate for electronic monitoring, and I am not willing to impose a sentence of electronic monitoring.  And the fact that no one was seriously injured or killed in the nine DUIs you have accumulated is surprising.  And this is a very high BAC; this is three times the legal rate, so I am taking that into consideration, and I'm gonna fashion and impose a sentence that will, I hope, force you to address and deal with the circumstances of your alcohol abuse but also will do the most it can to protect society from your urge to drink and the – and the consequences of drinking and driving, which are very serious and very real.

N.T., 2/10/25, at 7 (extraneous capitalization omitted).  After sentencing Appellant to term of 18 to 60 months' incarceration, the trial court stated,

The [trial] court recognizes that this sentence falls outside the [sentencing] guidelines, and notes as justification that the continued – the extensive and continuing history of [Appellant's] driving impaired, and frankly, the absolute failure of the new sentencing guidelines to take into consideration the serious history of drinking and driving reflected in this case.

***Id.*** at 8 (extraneous capitalization omitted).

The record demonstrates that, prior to imposing its sentence, the trial court received, and reviewed, a pre-sentence investigation ("PSI") report.  ***Id.*** at 2.  The trial court informed Appellant that the standard sentencing range

- 10 -

for his conviction was five to eight months of restrictive conditions, that the minimum, mitigated range was 90 days (the statutory minimum), and the aggravated range was 11 months of restrictive conditions. *Id.* These calculations, the trial court explained, were based upon Appellant's prior record score of two, and his offense gravity score of nine. *Id.* The trial court also stated that "[t]he statutory maximum sentence for this [conviction], the most you could receive today, could be two and a half to five years[' incarceration], and that's based upon the grading of the offense." *Id.* Appellant responded that he did not have any challenges to the sentencing guideline calculations. *Id.* Appellant provided the trial court "medical documentation." *Id.* at 4. Appellant also made a statement to the trial court as follows:

> I'm taking medication right now that was prescribed to me – I agreed to take [the medication.] The drinking is done. [The medication when combined with alcohol] makes me sick and ill. I chose to do this because I don't want to drink. I do have urges to drink once in a while, but that's why I agreed to the medicine, and I got it down to the – it originally was through a psychiatrist [] in Sayre[, Pennsylvania,] where I was at for over – almost two weeks. And through the psychiatrist and the doctors down there, we come to the conclusion. I told them I'm fed up; I had enough. I talked to Harbor [Counseling]. They truly believe – and I've done an extensive amount of talking with them. I've spent hours talking to them and how I'm sick of my life. I'm sick of just how I've lived all these years. I did what I did. I got in my truck, and I drove over – over the hill from my home to where I was arrested at. I don't deny that, Your Honor. I didn't do a refusal like I've tried to do in the past. I told them if they wanted a blood test, I'd be more than willing to go and do a blood test. Right then and there, I just said I had enough. I got rid of everything I've owned. My health conditions don't allow me to even do the things I enjoy to do anymore. I'd like to just be able to enjoy what I've got left

of my life. When I went to the (inaudible) I was at a point where I just didn't care anymore. I wanted to be dead. I truly did. I don't feel that way now; I do occasionally have the thought, but life has just been rough. I've had some good, but I've had a lot of bad. And I'm sorry about the armed robbery in Florida; that was something I did when I was nineteen. That was a very long time ago. As [the Commonwealth] said, the driving and the DUIs have been a problem. They've definitely been a problem. I mean, the drinking's got to go away. That's the only thing that can happen.

*Id.* at 5-6.

Upon review, we discern no error of law or abuse of discretion in the trial court's judgment of sentence. The trial court considered the general sentencing standards set forth in Section 9721(b) of the Sentencing Code, namely the protection of the public; the gravity of the offense, and Appellant's rehabilitative needs. During the events leading to his instant DUI conviction, Appellant was operating a motor vehicle with a BAC of 0.242%, well above the legal limit for operating a motor vehicle. Appellant has an extensive history of DUIs, and it is clear that Appellant struggles with controlling his urge to consume alcohol as demonstrated by his current course of medical treatment. Appellant explained to the trial court his remorse for his actions, his struggle with alcohol addiction, and his desire to live a life free of alcohol. The trial court also had the benefit of a PSI report. The trial court, in fashioning its sentence, considered Appellant's history of DUI convictions, his struggles with alcohol, and his desire of treatment. Although the sentencing guidelines suggest an aggravated upper sentencing range of 11 months' incarceration, based upon the reasons articulated by the trial court, and

- 12 -

supported by the record, we do not find Appellant's term of incarceration of 18 to 60 months to be unreasonable.

Judgment of sentence affirmed.


Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/05/2026